# APPENDIX.

QUESTIONS SUBMITTED BY THE SENATE, MARCH 23 AND 25, 1903, WITH ANSWERS OF THE JUSTICES OF THE SUPREME JUDICIAL COURT THEREON.

The Legislature is not inhibited by any provision in the Constitution of the United States, or of this State, from exercising the power of limiting incorporated insurance companies to the issuance of one standard fire insurance policy, even though such standard form contain a clause that there shall be no right of action on the policy until the amount of the loss or damage be determined by three arbitrators, or there be a waiver of such clause by both parties.

---

## STATE OF MAINE.

In Senate, March 23, 1903.

*Ordered,* The Justices of the Supreme Judicial Court are hereby requested to give to the Senate, according to the provisions of the Constitution in this behalf, their opinion on the following questions, viz:

1. Is so much of the Public Law of Maine for 1895, section 1, chapter 18, constitutional? that reads as follows:

"In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of the three persons to be named by the other, and the third being selected by the two so chosen; the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss; but no person shall be chosen or act as a referee, against the objection of either party, who has acted in a like capacity within four months.

"No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of

law or equity in this State unless commenced within two years from the time the loss occurred."

2.   Is section one, chapter 18, of the Public Laws of 1895 constitutional?

In Senate Chamber, March 23, 1903.

Read and passed.

KENDALL M. DUNBAR, Secretary.

By an order passed on March 25, the Senate requested the Justices to give to the Senate by July first their opinion upon the questions submitted in the foregoing order, and stated for their information that his Excellency, Hon. John F. Hill, Governor of Maine, had submitted to the Legislature during the present session a message touching the subject.   The Commissioners in Maine for Promotion of Uniformity of Legislation in the United States, had reported to the Governor that the statute in question was deemed to deprive insurers of the right of a jury trial upon the question of the extent of loss or damage arising under fire insurance policies; also that the constitutionality of the statute could well be questioned.

Bills were afterward introduced in both branches of the Legislature giving the right of trial by jury on any question of fact; and these bills are now pending on the files of the Legislature.

To THE SENATE:

The undersigned Justices of the Supreme Judicial Court give the following as their opinion on the questions submitted to the Justices in the foregoing Senate order of March 23, 1903.

The two questions submitted are practically identical, since they both are as to the constitutionality of the same section of the same statute.

In considering the question we confine ourselves exclusively to the statute cited in the Senate order, viz:   Sect. 1 of ch. 18 of Public Laws of 1895.   We also confine ourselves to the question of constitutionality, ignoring all other questions.   The first clause in that section is as follows:   "Sect. 1.   No fire insurance company shall

issue fire insurance policies on property in this State other than those of the standard form herein set forth, except as follows":— Then follow certain exceptions allowed, none of which affect the questions submitted. In the standard form set forth in this section is the clause, cited in the Senate order, stipulating in effect that the amount of the loss or damage under the policy shall be determined by three arbitrators instead of by a jury—unless such stipulation be waived.

We assume as too evident for argument or discussion that the words "fire insurance company" in such a statute and in such connection mean incorporated companies, or corporations, and are not to be extended beyond them. Again, it not being otherwise stated in the Senate order, we understand we may assume that in none of the charters of domestic fire insurance companies is there any limitation upon the power of the Legislature "to amend, alter or repeal" their charters as reserved in R. S., (1883) ch. 46, § 23. The question submitted is, therefore, narrowed down to this: Is the Legislature inhibited by any provision in the Constitution of the United States, or of this State, from exercising the power of thus limiting incorporated insurance companies to the issuance of one standard form of fire insurance policy, even though such standard form contain a clause that there shall be no right of action on the policy until the amount of the loss or damage be determined by three arbitrators, or there be a waiver of such clause by both parties? It may be assumed, arguendo only, that by accepting such a fire insurance policy, the assured waives any right to a jury trial upon the question of the amount of his loss or damage; but there is no statutory compulsion on fire insurance companies to issue such policies nor upon property owners to accept them.

We do not find in either Constitution, Federal or State, any section or clause in terms inhibiting such an exercise of the legislative power over fire insurance companies. While the individual has existence and consequent rights independent of the Legislature, the corporation or incorporated company derives its existence and rights solely from legislative action. The Legislature may refuse to grant any corporate rights or powers whatever and even existence, or it

may grant one only.   Until the Legislature acts, these do not and cannot exist.   So the Legislature may by general law, or special act "amend, alter or repeal" any corporate charter, or corporate right or existence once granted (except of course where it has stipulated not to do so), and in so doing it may cut away the powers of a corporation one after another and from time to time, and finally destroy the last one and the corporation itself.   It cannot, of course, confiscate the property of the corporation once lawfully acquired.   It cannot impair the obligation of a contract once lawfully made by a corporation.   So far, the Legislature is restrained by the State and Federal Constitutions.   But it can prohibit the acquisition of any more property by the corporation; it can prohibit the making of any new contracts whatever by the corporation, or any new contract except one of a particular prescribed kind and form with prescribed stipulations therein.   This power, sweeping as it is in its scope, is necessarily implied and included in the reserved power to amend, alter or repeal the very legislative acts which gave life, powers and rights to the corporation.   This power is inherent in the Legislature unlimited by any section or clause in the Federal or State Constitution which we have been able to find.   *Head* v. *Providence Insurance Co.*, 2 Cranch, 127 ; *Bank of Augusta* v. *Earle*, 13 Pet. 519 ; *Miller* v. *New York*, 13 Wall. 478; *Greenwood* v. *Union Freight Co.*, 105 U. S. 13; *Spring Valley Water Works* v. *Schottler*, 110 U. S. 347 ; *Norfolk and Western Railroad Company* v. *Pennsylvania*, 136 U. S. 114; *State* v. *Brown Manufacturing Co.*, 18 R. I. 14; *Schaffer* v. *Union Mining Co.*, 55 Md. 74; *State* v. *Maine Central R. R. Co.*, 60 Maine, 488, affirmed in 96 U. S. 499.

As to foreign fire insurance companies those incorporated in other states and countries, they, of course, are equally subject to the legislative power of this State so far as the exercise of their rights or powers, and their presence or existence within this State, are concerned.   They are not protected by the interstate commerce clause of the Federal Constitution.   *Hooper* v. *California*, 155 U. S. 648. The Legislature can wholly exclude them from the State, and hence can impose such conditions and limitations upon the exercise of any rights and powers and business and evenpresence in this State as it

sees fit. *Norfolk and Western Railroad Company* v. *Pennsylvania*, 136 U. S. 114; *Hooper* v. *California*, 155 U. S. 648; *Dryden* v. *Grand Trunk Ry. Co.*, 60 Maine, 512.

The statute does not offend against the XIVth Amendment to the Constitution of the United States, since it bears equally upon all fire insurance companies domestic and foreign without attempting any discriminations, and does not deprive any person of life, liberty or property without due process of law.

There is another phase of the question which may be suggested and should be considered, viz: Whether the statute infringes any constitutional right of the individual irrespective of its limitation of the powers of insurance corporations. The constitutional right of trial by jury is a right, not a duty, and may be waived by the individual. It is waived by him as to the assessment of his damages if he voluntarily enters into a contract like the statutory standard insurance policy wherein it is mutually stipulated that the damages provided for shall be determined by arbitration. It may be urged, however, that this contract, the terms of which are prescribed by statute, is not voluntary in that the individual is practically prevented from making contracts for the protection of his property by insurance, except such contracts as require him to waive his right of trial by jury; in that he is practically compelled to enter into that particular contract or go without insurance protection.

But the broad question of the constitutional right of the individual to make and enforce contracts for the acquirement, possession and protection of property by insurance or otherwise free from legislative interference is not presented here. Whatever the extent of the constitutional right of the individual to make insurance contracts with other individuals, or unincorporated associations of individuals, we think it clear from the principles above stated that he has no constitutional right to make any particular insurance contract with a corporation. True, the complete power of the Legislature to limit or destroy the right of a corporation to make contracts necessarily includes the power to limit or destroy the right of the individual to make contracts with it, but this incidental result cannot be held to limit the power of the Legislature over its own creature, the corpora-

tion. The Legislature is not required by the Constitution to create corporations for individuals to make contracts with, nor is it prohibited from limiting or dissolving corporations with which individuals may wish to contract.

It follows that the statute cited and inquired about is constitutional, being within the legislative cognizance and not forbidden by any section or clause of the Constitution, State or Federal.

We answer both questions in the affirmative.

Portland, July 1, 1903.

> ANDREW P. WISWELL.
> LUCILIUS A. EMERY.
> WM. P. WHITEHOUSE.
> SEWALL C. STROUT.
> ALBERT R. SAVAGE.
> FREDERICK A. POWERS.
> HENRY C. PEABODY.
> ALBERT M. SPEAR.